EMMA L. SCHAFER v. ATLANTIC CITY.

An ordinance prescribed that the building inspector of the city should inspect buildings for the purpose of determining whether they were safe, and in case he determined that any building inspected was unsafe, he should give notice to the owner, specifying the things which he deemed necessary to be done; and that, if the owner failed to comply with the notice, he should be punishable by fine or imprisonment, or both. *Held*, that personal inspection of the building by the building inspector must be alleged in the complaint and proved upon the trial for any failure to comply with a notice under that ordinance.

---

On *certiorari* to review conviction.

Argued at February Term, 1895, before Justices DIXON and LIPPINCOTT.

For the prosecutrix, *Clarence L. Cole.*

The opinion of the court was delivered by

DIXON, J.    An ordinance of Atlantic City provides that it shall be the duty of the building inspector of the city to inspect any building, either upon his own judgment or upon report made to him, for the purpose of determining whether such building is safe, both as to its strength and in all its heating appliances, and in case he determines that the building inspected is unsafe, he is to give notice to the owner, specifying the things he deems necessary to be done; and that any failure on the part of the owner to comply with the notice, shall subject him to punishment by fine or imprisonment, or both.

The present *certiorari* brings up a conviction of the prosecutrix for failing to comply with a notice given in supposed conformity with this ordinance.

Assuming the validity of the ordinance, it plainly requires, as a preliminary to service of notice upon the owner, that the building deemed unsafe shall have been inspected by the building inspector personally.    Nothing short of personal examination by him and his decision based thereon will warrant him in attempting to fix upon the owner the obligation which the ordinance is intended to impose.    Without such an examination he has no authority to decide, and his decision has, therefore, no binding force.    Hence, such inspection becomes an essential fact, to be alleged in the complaint against the owner, and to be proved upon his trial for failing to obey the determination of the officer.

In the proceedings under review, it was neither alleged nor proved that the building inspector had inspected the building of the prosecutrix.    Consequently, they are irregular, and must be set aside.

As the city was not a party to the complaint, no costs will be awarded against it.